IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JaRAY SOFTWARE, INC.,           )
                                )
                    Plaintiff,  )
                                )
v.                              )    No. 05-1127-WEB
                                )
UNITED PARCEL SERVICE, INC., and )
UNITED PARCEL SERVICE COMPANY,  )
                                )
                    Defendants. )
                                )

## Memorandum and Order

Plaintiff JaRay Software, Inc. filed this action in the District Court of the Eighteenth Judicial District, Sedgwick County, Kansas. The Petition alleges that plaintiff entered into a contract to have the defendants ship four boxes of materials to Boston, Massachusetts. The boxes contained promotional materials plaintiff intended to use in connection with a trade show in Boston. The defendants allegedly misdirected one of the boxes, causing plaintiff to suffer consequential damages. The Petition asserts claims against the defendants for breach of contract, negligence, and violation of the Kansas Consumer Protection Act.

On May 3, 2005, the defendants removed the action to this court, asserting that plaintiff's claims arose under federal law (specifically, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706) and that the court also had diversity jurisdiction over the action. Doc. 1 at 4.

The matter is now before the court on the defendants' motion to dismiss the petition (Doc. 11), in which defendants argue that plaintiff's state law claims are pre-empted by the federal Carmack Amendment. Plaintiff's response to the motion concedes that all of its state law claims are in fact

preempted, but plaintiff seeks leave to amend the complaint to assert a claim under the Carmack Amendment. Doc. 18. Defendants do not oppose the latter request, except to point out that the Amended Petition submitted by plaintiff bears an incorrect caption. Doc. 22.

In light of plaintiff's concession that its state law claims are preempted, and in view of the law governing the scope of the Carmack Amendment, the court will grant the defendants' motion to dismiss the state law claims. *See Underwriters at Lloyd's, London v. North Am. Van Lines*, 890 F.2d 1112 (10th Cir. 1989) (Carmack Amendment preempted the common law cause of action for negligent destruction of property); *Stephenson v. Wheaton Van Lines, Inc.*, 240 F.Supp.2d 1161, 1166 (D. Kan. 2002) (breach of contract and negligence claims preempted). The court will further grant plaintiff's request for leave to file an amended complaint.

*Conclusion*.

Defendants' Motion to Dismiss (Doc. 11) is GRANTED to the extent stated above. The state law claims asserted by plaintiff in its Petition are hereby DISMISSED. Plaintiff's Motion to Amend (Doc. 20) is GRANTED; plaintiff is granted 10 days from the date of this order to file an amended complaint.

IT IS SO ORDERED this  14th  Day of July, 2005, at Wichita, Ks.

                                        s/Wesley E. Brown
                                        Wesley E. Brown
                                        U.S. Senior District Judge